No. 47,884

State of Kansas, *Appellant,* v. Gregory K. Cotton, *Appellee.*

(543 P. 2d 936)

Opinion filed December 13, 1975.

*Curt T. Schneider,* Attorney General, *Keith Sanborn,* District Attorney, and *Robert L. Kennedy, Jr.,* Assistant District Attorney, were on the brief for the appellant.

*Bruce B. Fitts,* of Warner, Bailey, O'Hara & Fitts, of Wichita, was on the brief for the appellee.

*Per Curiam:* This is an interlocutory appeal by the state from an order of the district court suppressing tape recorded admissions by the defendant in a vehicular homicide case (K. S. A. 21-3405) because his attorney was not notified of, and present at, the interrogation. Defendant's attorney had consented that the defendant might be given a polygraph test at the Wichita Police Department. The defendant had left his car at the courthouse, and after the test the defendant went with the officer back to the courthouse where he was interrogated and a tape recording made. No charges had been filed at that time and the accused had not then been arrested.

The record shows that the defendant, though it was not a custodial interrogation, was adequately advised of his rights and given the warnings required by the *Miranda* decision. (*Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) According to the testimony he was asked three times if he wanted to talk to his attorney and advised that he could do so. But the defendant said, according to the witness, that "he didn't want an attorney, it wouldn't do him any good."

The sole complaint is that the officer should have called defendant's attorney and given him opportunity to be present, regardless of the expressed wishes of the defendant to the contrary; and that his failure to do so renders the tape recording inadmissible. The defendant did not testify at the admissibility hearing, and the state's evidence stands unchallenged.

We are not concerned here with a question of ethics, if the matter has an ethical aspect, as the trial court suggested. The

interrogation was conducted by a police sergeant. No attorney for the prosecution was present. Our only concern is whether the defendant made a voluntary waiver. The record clearly shows that the defendant expressly, knowingly and intelligently, waived his rights to remain silent and to have his attorney present. His statement was entirely voluntary and made after the prescribed warnings were given, whether they were necessary or not. We find nothing to support a claim of denial of due process or of compulsory self-incrimination. Furthermore, there is no rule which would exclude the evidence on other than constitutional grounds.

Our decision in *State v. Melton,* 207 Kan. 700, 486 P. 2d 1361, disposes of any doubts arising from the absence of defendant's counsel.

The judgment of the district court is reversed and the case remanded for a new trial.